NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-850

RICHARD MEDEIROS & others[1]

vs.

A PLUS WASTE & RECYCLING SERVICES, LLC & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs brought this action seeking to recover damages for negligence and nuisance, and to enjoin the defendants from operating a composting facility in Middleborough (facility).  Although the plaintiffs' tort claims were ultimately unsuccessful, their request for equitable relief was granted pursuant to G. L. c. 214, § 7A, which authorizes Superior Court judges to enjoin environmental damage provided that certain prerequisites are met.  We affirm.

_____

[1] Samantha Turgeon, Jason Meserve, Jaime Meserve, Donald Willdigg, Jean Willdigg, Judi-Ann Tracey, Shawn Tracey, Phillip Tracey, Jared Tracey, Robin Conroy, Sean Vance, Alison Vance, Amanda Duprey, Angel Duprey, Anthony Capilli, Jaclyn Capilli, Brendon Elliot, Alexandra Whelan, Drew Greene, and Candice Greene.

[2] Ronald C. High, Jr.

Background.  The following facts are taken from the judge's findings, supplemented by undisputed facts from the record. Some facts are reserved for later discussion.

The facility began composting operations in 2010, initially composting only leaf and yard waste.  In November 2012, the facility expanded its operation to include the composting of food waste.  In 2012 and 2014, the Massachusetts Department of Environmental Protection (DEP) issued the defendants notices of noncompliance for the emission of nuisance odors.  In March 2016, the DEP revoked the facility's operating permit because of nuisance odors and the facility ceased operations.  However, in early 2022, the defendants applied for, and the DEP granted them, a new operating permit to reopen the facility.

The plaintiffs lived near the facility between 2013 and 2016, when it was composting food waste.  In March 2016, the plaintiffs filed a complaint in the Superior Court alleging that the facility emitted noxious odors that prevented them from enjoying their homes and yards.  The plaintiffs asserted claims for private nuisance, public nuisance, negligence, and gross negligence, and sought an injunction pursuant to G. L. c. 214, § 7A, prohibiting the facility from operating.

The case was tried to a jury over seven days (except for the plaintiffs' request for injunctive relief, which was jury-waived and tried over one day), between May and June 2022.  The

2

trial judge entered a directed verdict for the defendants on the public nuisance and gross negligence claims and the jury returned a verdict for the defendants on the private nuisance and remaining negligence claim.  With respect to the plaintiffs' request for injunctive relief, the judge concluded that the facility emitted noxious odors in violation of 310 Code Mass. Regs. § 7.09(1) (2022), and enjoined the defendants from operating the facility "until such time as the facility is capable of functioning without emitting nuisance odors."

Discussion.  On appeal, the defendants challenge the judge's decision to grant relief under G. L. c. 214, § 7A, arguing that the judge's conclusion was speculative and not supported by sufficient evidence.  We review the judge's decision to issue the injunction for error of law or abuse of discretion.  See Doe v. Gonpo, 103 Mass. App. Ct. 246, 248 (2023).

To obtain equitable relief under G. L. c. 214, § 7A, the plaintiffs were required to establish that the operation of the facility was causing or about to cause damage to the environment and that such damage constitutes a violation of "a statute, ordinance, by-law or regulation the major purpose of which is to prevent or minimize damage to the environment."  G. L. c. 214, § 7A.  The statute's definition of "damage to the environment" includes "air pollution," id., which DEP regulations define as

3

"the presence in the ambient air space of one or more air contaminants . . . in such concentrations and of such duration as to" cause nuisance, injury, or "unreasonably interfere with the comfortable enjoyment of life and property or the conduct of business."  310 Code. Mass. Regs. § 7.00 (2022).  The regulations specifically identify "odor" as an "air contaminant."  310 Code. Mass. Regs. § 7.00 (2022).

Based largely on the plaintiffs' trial testimony that the facility had emitted noxious odors starting shortly after it began composting food waste in November 2012, until it was shut down in 2016, the judge concluded that the plaintiffs had "demonstrated . . . that operation of the [f]acility creates a noxious odor that unreasonably interferes with their enjoyment of their properties and thus constitutes air pollution within the meaning of § 7A."  The judge also found that the emission of these odors violated 310 Code Mass. Regs. § 7.09(1) (2022), a DEP regulation intended to prevent or minimize damage to the environment.  Given that the defendants had recently obtained a new operating permit, the judge concluded that the plaintiffs had successfully demonstrated that "damage to the environment is occurring or about to occur," and issued the injunction.  Based on the record before us, we hold that the judge's conclusions are adequately supported by the evidence.

The defendants concede that the evidence at trial established that the facility emitted noxious odors from 2013 until 2016, but argue that there was insufficient evidence to support a finding that damage to the environment was "occurring" or "about to occur" when the injunction was issued. This argument is unpersuasive. Even if, as the defendants contend, the relevant timeframe for assessing liability under G. L. c. 214, § 7A, is at the time of trial rather than when the complaint was filed, the plaintiffs successfully demonstrated that harm to the environment was about to occur. The evidence at trial showed that the facility had previously caused noxious odors and only ceased doing so when it was shut down. Additionally, the plaintiffs established that the facility was about to resume operations. Given the facility's history, the judge reasonably concluded that there was a significant risk of noxious odors returning once operations resumed.

The defendants' claim that the judge improperly shifted the burden of proof also fails to persuade us. The plaintiffs met their initial burden by presenting evidence that the facility had caused environmental damage in the past and was likely to do so again upon resuming operations. It was not improper to require the defendants to rebut this evidence with proof that the facility was operating in a manner that would prevent future harm. The defendants' assertion that it "can be presumed" the

5

DEP would not have issued a new permit if there was not a change in circumstances overlooks evidence credited by the judge that showed the permitting process relied heavily on self-certification with limited independent verification. As the trial judge noted, "[t]here was no evidence that said permit is restricted or conditioned to minimize noxious odors in the future." See Reproductive Rights Network v. President of the Univ. of Mass., 45 Mass. App. Ct. 495, 500 (1998) (permanent injunction properly granted where defendants failed to meet burden to show wrongful conduct "could not reasonably be expected to recur").

The defendants also suggest that the injunction was issued in error because the plaintiffs did not succeed on their negligence or nuisance claims. However, unlike nuisance and negligence claims, which focus on compensating private individuals for past harm, G. L. c. 214, § 7A, is designed to address the threat of future environmental damage that affects the general public. Therefore, the failure of the plaintiffs' negligence and nuisance claims did not preclude the judge from finding that the facility still poses a threat to the

environment warranting injunctive relief under G. L. c. 214,
§ 7A.  For all of these reasons, there was no error.[3]

Judgment affirmed.

By the Court (Desmond, Hand &
  Grant, JJ.[4]),

Clerk

Entered:  October 3, 2024.

---

[3] The defendants also appeal from the judge's decision to award costs under G. L. c. 214, § 7A, which expressly permits costs to be awarded to successful plaintiffs.  There is no need to address this claim given our conclusion that the injunction was properly issued.

[4] The panelists are listed in order of seniority.